**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-6319**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

BRANDON TREMAYNE HOLMAN,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00428-CCE-1; 1:16-cv-00723-CCE-LPA)

_____

Submitted: May 25, 2017                              Decided: May 31, 2017

_____

Before MOTZ, THACKER, and HARRIS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Brandon Tremayne Holman, Appellant Pro Se. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Robert Michael Hamilton, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Tremayne Holman seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and its order denying his subsequent motion for a certificate of appealability. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order denying Holman's § 2255 motion was entered on the docket on December 8, 2016. The notice of appeal was filed on March 7, 2017.[*] Because Holman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal of the district court's December 8 order.

While Holman's appeal is timely as to the district court's order denying his motion for a certificate of appealability, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Holman has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*